■ In the Matter of CURTIS JOHNSON, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, I.G.P. CENTRAL REVIEW COMMITTEE, et al., Respondents. [655 NYS2d 679] —Appeal from a judgment of the Supreme Court (Berke, J.), entered May 1, 1996 in Washington County, which dismissed

petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent New York State Department of Correctional Services, I.G.P. Central Review Committee denying petitioner's grievance.

While an inmate at Great Meadow Correctional Facility in Washington County, petitioner filed a grievance seeking an increase in wages on the basis that he was classified as a quick chill food service worker and entitled to a wage of $0.38 per hour. Although the grievance was initially granted, it was denied upon administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging the denial of the grievance. Supreme Court dismissed the petition due to the absence of proof that petitioner had completed the program necessary for certification as a quick chill food service worker. This appeal by petitioner ensued.

It is undisputed that, in order to be certified as a quick chill food service worker, an inmate must participate in the "Cook Chill Training Program" and is issued a certificate of completion at the conclusion of the training. Petitioner asserts that he started the first stage of training in October 1991 and completed it in January 1992. He contends that he obtained the certification necessary to receive a wage of $0.38 per hour which he received while incarcerated at Auburn Correctional Facility in Cayuga County between May 1992 and June 1993. He further notes that while subsequently confined at Fishkill Correctional Facility and Green Haven Correctional Facility in Dutchess County, he won two grievances in which he challenged his wages on the same ground asserted in the case at hand.

Notwithstanding petitioner's claim that he is a certified quick chill food service worker, he has not produced a copy of the certificate of completion and respondents' records do not indicate that such a certificate was ever issued. Although petitioner appears to have started training in October 1991, he does not appear to have completed the training program as he was placed on keeplock status from November 12, 1991 through November 27, 1991. The fact that petitioner prevailed on two prior grievances involving the same issue does not establish that he completed the necessary training or that he should prevail on the grievance at hand since the prior grievances were evidently not subject to administrative review. Accordingly, we find that the denial of the grievance was neither arbitrary nor capricious but was rational, based on the record before us (*see, Matter of Chavis v Senkowski,* 209 AD2d 765, *lv denied* 85 NY2d 805).

Mikoll, J. P., Mercure, White, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.